UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STACEY FASONE and PAUL B. FASONE

       Plaintiffs,

-against-

JM & AM REALTY HOLDINGS, LLC, THE
AMERICAN NATIONAL RED CROSS, THE
AMERICAN RED CROSS ON LONG ISLAND,
THE INCORPORATED VILLAGE OF
MINEOLA, and AMERICAN NATIONAL RED
CROSS,

       Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
17-CV-3502 (DRH)(AKT)

**APPEARANCES:**

**For Plaintiff:**
Montfort, Healy, McGuire & Salley LLP
840 Franklin Avenue
P.O. Box 7677
Garden City, New York 11530-7677
By: John W. Persons, Esq.

**For Defendant JM & AM Realty Holdings, LLC:**
Chalos & Co. P.C. 55 Hamilton Avenue
Oyster Bay, New York 11771
By: George M. Chaols, Esq.
   Melissa Patzelt-Russo, Esq.
.
**For Defendants American National Red Cross, the American National Red Cross and the American Red Cross on Long Island**
Robinson & Cole, Esqs.
666 Third Avenue, 20th Floor
New York, New York 10017
By: J. Gregory Lahr, Esq.
   Soo Y. Kim, Esq

**HURLEY, Senior District Judge:**

Plaintiff Stacey Fasone ("Plaintiff" or "Fasone") and her husband Paul B. Fasone (together "Plaintiffs") commenced this action to recover money damages for injuries and damages suffered when Fasone fell while walking on a sidewalk in the Village of Mineola, which sidewalk allegedly abuts properties owned by defendants JM &AM Realty Holdings LLC ("JM") and The American National Red Cross, The American Red Cross on Long Island and American National Red Cross (collectively "Red Cross") (JM & Red Cross together "Defendants"). The claims by Fasone against defendants are for negligence; her husband's claims are for loss of consortium. Presently before the Court is Red Cross's motion for summary judgment on the claims of Fasone and her husband, as well as on JM's crossclaims against the Red Cross. For the reason set forth below, the motion is granted in part and denied in part.

## BACKGROUND

The following facts are undisputed unless otherwise noted:

At all relevant times, JM owned the real property located at 185 Willis Avenue, in the Incorporated Village of Mineola, New York, which property occupies the southwest corner bounded by Willis Avenue and Garfield Avenue; Red Cross[1] owned the real property located at 195 Willis Avenue, which abuts the north side of 185 Willis Avenue. Under the Code of the Incorporated Village of Mineola

---

[1] The parties do not distinguish between the various Red Cross entities sued or identify whether all, some or only one of them is the owners of 185 Willis Avenue. Like the parties, the Court treats the various Red Cross entities collectively.

("Mineola") sidewalk repair and replacement within the Village is the responsibility of the abutting property owner and said owner is liable for any injuries caused by the failure to maintain an abutting sidewalk in a safe condition. (DE 70 at ¶¶ 9-11; DE 73 at ¶¶9-11; Code of the Incorporated Village of Mineola § 458-12 & 458-13.)

On the afternoon of June 6, 2016, Fasone had an accident while walking north on a public sidewalk located on the west side of Willis Avenue, between 185 Willis Avenue and 195 Willis Avenue. The weather was sunny and clear and the concrete sidewalk was dry. Fasone testified at her deposition and at a 50-h hearing that she fell when her left foot rolled forward on an uneven sidewalk flag[2] that was elevated by approximately 2 inches above the adjacent concrete slab.[3] Plaintiff admits that the elevated sidewalk flag is entirely adjacent to (i.e. abuts) the property owned located at 185 Willis Avenue while the abutting flag is located adjacent to both the 185 and 195 Willis Avenue properties; depending on where the property line is between 195 and 185 Willis Avenue, plaintiff acknowledges that either (1) two feet seven inches of the sidewalk slab with the lower edge abuts JM's property and the other four feet abuts Red Cross' property or (2) one foot seven inches of the lower concrete slab abuts JM's property and the other five feet abuts Red Cross' property. JM objects, as discussed *infra,* to consideration of the survey submitted by Red Cross to support it contention that the elevated slab is entirely on JM's property. (DE 70 at ¶¶ 12-20; DE 73 at ¶¶12-20.)

---

[2] The term "flag" is apparently used to describe each concrete section of a sidewalk.
[3] To be clear, Plaintiff was walking along the raised sidewalk flag towards the lower adjacent sidewalk flag.

In 2011, Mineola received a letter, dated April 15, 2011, concerning a sidewalk defect outside 185 and 195 Willis Avenue, specifically, a raised portion of sidewalk of about one inch. As a result, Mineola sent letters dated April 28, 2011 addressed to the Police Benevolent Association[4] at 185 Willis Avenue and the Red Cross at 195 Willis Avenue advising them of a "hazardous sidewalk condition." The Mineola Official who sent the letters addressed them based on his review of Mineola tax records but did not have any understanding of where the defective raised sidewalk slab was located in relation to the property line between 185 and 195 Willis Avenue. That same representative went to 185 and 195 Willis Avenue and observed "raised pavement." (DE 70 at ¶¶ 21-29; DE 73 at ¶¶21-29.)

Representatives of both JM and Red Cross denied any knowledge of the raised concrete slab. Current and former employees of Red Cross also denied any knowledge of work on or repair to the sidewalk adjoining 195 Willis Avenue. (DE 70 at ¶¶ 30-46; DE 73 at ¶¶ 30-46.)

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment, pursuant to Rule 56, is appropriate only where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant governing law in each case determines which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing

---

[4] It appears that that the Police Benevolent Association was the owner of the 185 Willis Avenue until JM acquired the property by deed dated March 23, 2011. (*See* DE 170 at ¶ 9.)

law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When making this determination, a court must view all facts "in the light most favorable" to the non-movant, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of the [non-movant]," *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). Thus, "[s]ummary judgment is appropriate [only] where the record taken as a whole could not lead a rational trier of fact to find for the [non-movant]." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotation marks omitted).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts demonstrating that there is a genuine dispute of material fact to be tried. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The non-movant must present more than a "scintilla of evidence," *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Matsushita*, 475 U.S. at 586-87), and "may not rely on conclusory allegations or unsubstantiated speculation," *Id.* (quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS*

*Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the "evidentiary burdens that the respective parties will bear at trial guide district courts in their determination[s] of summary judgment motions," *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). "[W]here the [non-movant] will bear the burden of proof on an issue at trial, the moving party may satisfy its burden by pointing to an absence of evidence to support an essential element of the [non-movant's] case." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) (quoting *Brady*, 863 F.2d at 210-11) (internal quotation marks omitted). Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish his claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.' " *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587). "[A] complete failure of proof concerning an essential element of the [non-movant's] case necessarily renders all other facts immaterial." *Crawford*, 758 F.3d at 486 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## II. Elements of Cause of Action for Negligence

Under New York law, "[t]o establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Solomon by Solomon v. City of New York*, 66 N.Y.2d 1026, 1027, 489 N.E.2d 1294, 1294, 499 N.Y.S.2d 392, 392 (1985). In New York, liability for injuries sustained as a result of a dangerous or defective condition on a public sidewalk will generally be imposed

upon an owner or lessee of real property abutting the sidewalk only "where the sidewalk was constructed in a special manner for the benefit of the abutting owner [or lessee] . . ., where the abutting owner [or lessee] affirmatively caused the defect . . ., where the abutting landowner [or lessee] negligently constructed or repaired the sidewalk . . . and where a local ordinance or statute specifically charges an abutting landowner [or lessee] with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty . . . ." *Hausser v. Giunta*, 88 N.Y.2d 449, 453 (1996); *see also Petrillo v. Town of Hempstead*, 85 A.D.3d 996, 997, 925 N.Y.S.2d 660 (2d Dept. 2011) ("An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty."); *Lowenthal v. Theodore H. Heidrich Realty Corp.*, 304 A.D.2d 725, 759 N.Y.S.2d 497, 499 (2d Dept. 2003) ("[T]he owner or lessee of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition. Liability may only be imposed on the abutting owner or lessee where it either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or [- of particular relevance here -] violated a statute or ordinance placing upon the owner or lessee the obligation to maintain the sidewalk which imposes liability upon the party for injuries caused by a violation of that duty.")

### III. Position of the Parties

Red Cross maintains it is entitled to summary judgment because the undisputed facts establish that the proximate cause of Plaintiff's injuries – the raised sidewalk- does not abut Red Cross's property. In response, Plaintiff points to the Mineola Village Code which imposes liability on abutting landowners for failing to maintain and repair the sidewalk and the "sidewalk flag with the lower edge, which cause or contributed to the height differential, abutted [Red Cross's] property." (Pl.'s Mem. in Opp. at 9.) Similarly, JM argues that Red Cross has failed to establish (1) that they maintained their property in a reasonably safe condition and (2) that a portion of the sidewalk, which allegedly caused the height differential did not abut the Red Cross's property.

All three parties rely upon the New York Court of Appeals' decision in *Sangaray v. West River Assoc., LLC,* 26 N.Y. 3d 793 (2016). Thus, the Court will begin its analysis with that decision.

### IV. *Sangaray*

The Court in *Sangaray* described the relevant facts as follows:

> plaintiff alleges that he tripped and fell when his right toe came into contact with a raised portion of a New York City public sidewalk. The sidewalk flag that plaintiff was traversing ran from the front of a property owned by defendant West River . . . to neighboring premises owned by defendants . . . Mercado. A photograph contained in the record depicts the sidewalk flag sloping and descending lower than a level flagstone that is in front of the Mercado property. The expansion joint that plaintiff's toe contacted abutted solely the Mercado property.

26 N.Y. 3d at 795. West River moved for summary judgment asserting that because the area of the sidewalk upon which plaintiff tripped was located entirely in front of

the Mercado property, the defect did not abut the West River premises and therefore West River could not be liable for failing to maintain its sidewalk.[5] "Plaintiff countered that West River breached its statutory duty by allowing its sidewalk flag to fall into disrepair, and in any event, failed to . . . show that it maintained its sidewalk in a reasonably safe condition." *Id.* at 796. The Supreme Court's grant of summary judgment in favor of West River was affirmed by the Appellate Division, with both courts relying upon the decision in *Montalbano v. 136 W. 80 St. CP*, 84 A.D.3d 600 (1st Dept. 2011). The Court of Appeals reversed.

The Court of Appeals in *Sangaray* began by distinguishing *Montalbano* where the plaintiff claimed that he tripped on a sidewalk flag that was raised on one side at the expansion joint, which area abutted property owned by Owners Corp. The *Montalbano* court rejected the argument of Owners Corp and the plaintiff that because the majority of the flag abutted Callanan's property, Callanan was liable to plaintiff inasmuch as plaintiff did not fall on a portion of the sidewalk abutting Callanan's property. The Court of Appeals found significant the fact that whereas the plaintiff in *Montalbano* "did not argue that Callanan failed to maintain the sidewalk flag abutting his property in a reasonably safe condition," the *Sangaray* plaintiff "argues that West River failed to comply with its own statutory duty to maintain the sidewalk abutting its premises in a reasonably safe condition, and that such a failure was a proximate cause of his injury." It went on to state: "To

---

[5] The Administrative Code of the City of New York imposes upon the owner of real property the duty to maintain the abutting sidewalk in a reasonably safe condition and makes the owner liable for any personal injury proximately caused by the failure of the owner to so maintain the abutting sidewalk. *See Sangaray*, 26 N.Y.3d at 795-96 (citing § 7-210 of the Admin. Code of the City of New York).

be sure, the location of the alleged defect and whether it abuts a particular property is significant concerning that particular property owner's *duty* to maintain the sidewalk in a reasonably safe condition. That does not however, foreclose the possibility that neighboring property owner may also be subject to liability for failing to maintain its own abutting sidewalk in a reasonably safe manner where it appears that such failure constituted a proximate cause of the injury sustained." *Id.* at 798-99. Even though the expansion joint that plaintiff tripped on abutted the Mercados' property, given that "most of the sunken sidewalk flag that plaintiff traversed abutted West River's property and plaintiff claims that West River's sidewalk flag had sunk lower than the expansion joint upon which plaintiff allegedly tripped" there were "factual questions as to whether West River breached its duty to maintain the sidewalk flag abutting its property and if so whether that breach was a proximate cause of plaintiff's injuries." *Id.* at 800. Thus, the Court of Appeals held that summary judgment should have been denied.

**V.     Application of *Sangaray* to the Plaintiff's Claim Against Red Cross**

*Sangaray* instructs that the precise location where a plaintiff fell on a public sidewalk should not necessarily be the sole focal point in determining associated liability issues.  Also requiring consideration is whether the unsafe condition is traceable, in whole or in part, to a contiguous landowner's failure to maintain its adjoining section of the sidewalk in a reasonably safe condition. *Sangaray* does not impose strict liability on the abutting landowner. *See Xiang Fu He v. Troon Mgmt, Inc.*, 34 N.Y.3d 167 (2019) (subject landowners are not strictly liable for personal

injuries resulting from incidents on abutting sidewalks because the applicable statute adopts a duty and standard of care that accords with traditional tort principles of negligence and causation).

While Fasone now couches her injuries as having been caused by the "height difference" in two flagstones, that does not change the fact that she has remained steadfast throughout this litigation that she tripped because of a raised flagstone.[6] In other words, any height difference was caused by a raised - not sunken - flagstone. Indeed, the evidence submitted, including (1) photographs depicting a sidewalk flag that slopes upward toward a tree well such that it is approximately two inches higher that the neighboring sidewalk flag and (2) the statement of the Mineola representative who visited the locale after the 2011 complaint that he observed a "raised flagstone," confirms the unremedied unsafe condition was a raised sidewalk flag not a sunken one. Plaintiff, who bears the burden of proof, has submitted no evidence that Red Cross failed to maintain its sidewalk in a safe condition, such as failing to remedy a sunken flagstone that abutted its property, contributing to the height difference.[7] Given that Plaintiff concedes that the raised

---

[6] For example, in her Answer to Interrogatories, Fasone identified the following basis for her negligence claim: "Causing and creating the existence and presence of a defective and dangerous condition, namely a flag or sidewalk square, an edge of which was lifted and elevated approximately two inches above the edge of the adjoining flag or sidewalk square, causing the edges of the two flags or sidewalk squares to be uneven and not flat and level with each other, which condition was not visible to the plaintiff and created a hazard for her and other persons walking on the sidewalk; allowing and permitting the continued existence and presence of that defective and dangerous condition; failing to remedy and repair that defective and dangerous condition, including any tree roots that caused that defective and dangerous condition by removing and replacing the lifted flag or sidewalk square, expanding the tree bed, ramping the grade of the sidewalk, reinforcing the sidewalk to reduce the lift, or otherwise; failing to request that another person or entity do so, including but not limited to the defendants, JM & AM REALTY HOLDINGS, LLC, and THE INCORPORATED VILLAGE OF MINEOLA; and failing to warn the plaintiff of the existence and presence of that defective and dangerous condition." (DE 68-10 at Answer to Interrog. No. 6.)

[7] The affidavit submitted by Plaintiff stating that the edges of the opposite side of the elevated flag "were more or less level with the edges of the adjoining sidewalk flag" (DE 69 at ¶ 22) does not raise an issue of fact as to the existence of an unsafe condition of the flag that abuts both JM's and Red Cross' property.

flagstone abuts solely JM's property and provides no evidence of any unsafe condition as to the adjacent flagstone that abuts both JM's and Red Cross's property,[8] there is no basis on which to impose liability on Red Cross and it is entitled to summary judgment on Plaintiff's claim and the derivative claim of her husband. *See Xiang Fu He v. Troon Mgmt, Inc.*, 34 N.Y.3d 167 (2019) (subject landowners are not strictly liable for personal injuries resulting from incidents on abutting sidewalks because the applicable statute adopts a duty and standard of care that accords with traditional tort principles of negligence and causation).

## VI. JM's Cross-Claim Against Red Cross for Indemnification and/or Contribution

JM maintains that summary judgment should be denied as to its crossclaims for common law indemnification and contribution against Red Cross.

"[T]he basic principles of implied indemnity which permit one who is held vicariously liable solely on account of the negligence of another to shift the entire burden of the loss to the actual wrongdoer." *Trustees of Columbia University in City of N.Y. v Mitchell/Giurgola Associates,* 109 A.D.2d 449, 453, 492 N.Y.S.2d 371, 375 (1st Dept. 1985) (citing *D'Ambrosio v. City of N.Y.*, 55 N.Y.2d 454, 455; *Garrett v. Holiday Inns*, 58 N.Y.2d 253; *Riviello v. Waldron*, 47 N.Y.2d 297; *Rogers v. Dorchester Assoc.*, 32 N.Y.2d 553). Here, there is no basis for JM to be held vicariously liable for actions by Red Cross. Rather for Plaintiff to prevail on her claim against JM she must demonstrate that JM failed to maintain the sidewalk

---

[8] Given the absence of evidence of an unsafe condition in the sidewalk flag that abuts both JM's and Red Cross' property, any dispute as to exactly how much of that flagstone abuts Red Cross's property is not a material one.

Page **12** of **14**

abutting its property in a safe condition which condition was a proximate cause of her injury. Accordingly, the counterclaim for indemnification is dismissed.

"The right to contribution generally arises when "multiple wrongdoers . . . each owe a duty to plaintiff or to each other and by breaching their respective duties they contribute to plaintiff's ultimate injuries." *Trustees of Columbia Univ.*, 109 A.D.2d 449, 454, 492 N.Y.S.2d 371 (App. Div. 1st Dep't 1985). Thus, "[t]he critical requirement 'for apportionment by contribution . . . is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought.'." *Vrazel v. Long Island Railroad Company*, 2016 WL 6603998, at *5 (E.D.N.Y., 2016) (quoting *Raquet v. Braun*, 90 N.Y.2d 177, 183, 659 N.Y.S.2d 237, 681 N.E.2d 404 (N.Y. 1997) (quoting *Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp.*, 71 N.Y.2d 599, 603, 528 N.Y.S.2d 516, 523 N.E.2d 803 (N.Y. 1988)); *Firestone v. Berrios*, 42 F. Supp. 3d 403, 421 (E.D.N.Y. 2013) (citing and quoting *Raquet*). While Plaintiff conceded that that the raised flagstone lies entirely adjacent to JM's property, that concession does not bind JM. JM objects to consideration of the survey submitted by Red Cross in support of its position as to the property line vis-a-vis the raised flagstone as inadmissible. They are correct. *See, e.g., Seaman v. Three Village Garden Club, Inc.*, 67 A.D.3d 889, 890 (2d Dept. 2009) ("appellants failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that they did not own the sidewalk. The survey submitted by the appellants in support of their motion was unaccompanied by an affidavit from the surveyor explaining or interpreting the

survey" and there was an "absence of any foundational testimony in the form of an affidavit from the surveyor."); *Sloninski v. Weston,* 232 A.D.2d 913, 914 (3d Dept. 1996) "[I]n order to prove a boundary line by a survey, there should be proof of the identity, competency, and the authority of the surveyor in the particular case, and of the purpose of the survey.") (internal quotation marks omitted); *Bergstrom v. McChesny*, 92 A.D.3d 1125, 1126 (3d Dept. 2012) ("Defendants submitted a 2004 survey map purporting to show that McChesney's property includes the disputed parcel, but they provided no affidavit from a surveyor, nor any other proof in admissible form which would provide the necessary foundation for the survey so that it could be properly considered.) (internal quotation marks and brackets omitted). The motion for summary judgment on the crossclaim for contribution is denied.

## CONCLUSION

Red Cross' motion for summary judgment is granted as to Plaintiff's claim, the derivative claim of her husband and JM's crossclaim for indemnification but denied as to JM's crossclaim for contribution.

**SO ORDERED.**

Dated: Central Islip, New York  　　　s/ Denis R. Hurley
　　　July 23, 2020　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　United States District Judge