UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

STACEY FASONE and PAUL B. FASONE,
Plaintiffs,

v.

JM & AM REALTY HOLDINGS LLC, THE AMERICAN NATIONAL RED CROSS, THE AMERICAN RED CROSS ON LONG ISLAND, THE INCORPORATED VILLAGE OF MINEOLA, and AMERICAN NATIONAL RED CROSS.
Defendants.

---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

17-CV-03502 (PKC) (LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is Plaintiffs' Motion for Attorney Fees by Plaintiffs Paul B. Fasone and Stacey Fasone ("Plaintiffs"), at Electronic Case File Number ("ECF No.") 95 ("the Motion"). Plaintiffs seek an order pursuant to 22 NYCRR 1240.15 determining the amount of any compensation to be awarded (from the settlement proceeds of $337,500.00 in this action) on a quantum meruit basis to Kaye & Lenchner, the former attorneys for Plaintiffs, for legal services it rendered before being replaced by Plaintiffs' current counsel, Montfort, Healy, McGuire & Salley LLP ("Montfort Healy"). The Motion was filed on April 21, 2022. The Honorable Denis R. Hurley later referred the Motion to Magistrate Judge Steven I. Locke on May 10, 2022. Subsequently, the case (along with the Motion) was reassigned to the Honorable Pamela K. Chen and the undersigned Magistrate Judge. For the reasons set forth below, the Court recommends the Motion be GRANTED as follows: (1) release of $219,043.80 to Plaintiffs; (2) award of legal fees and costs of $114,516.03 to Montfort Healy; and (3) award of legal fees and costs of $3,940.17 to Kaye & Lenchner to be held in escrow by Montfort Healy

pending the outcome of the criminal case against Mr. Corey Kaye.

## I. BACKGROUND

### A. Relevant Facts

The Court primarily adopts the facts in this case as presented in Plaintiffs' Motion. DE 95.

This case arose as a result of an incident on June 6, 2016, when the Plaintiff Stacey Fasone stepped on the raised edge of a concrete sidewalk square and fell in front of a commercial building located at 185 Willis Avenue in Mineola, New York. DE 95-1, ¶ 3. As a result, "she sustained a comminuted fracture-dislocation of the right elbow requiring two surgeries, namely an open reduction internal fixation of the ulna with replacement of the radial head, and the removal of surgical hardware and transposition of the ulnar nerve." *Id.* ¶ 4. At the time of the accident, JM & AM Realty Holdings LLC ("JM & AM") owned the property at 185 Willis Avenue. *Id.* ¶ 6.

Stacey Fasone signed an undated contingent fee retainer agreement with Kaye & Lenchner after the accident. *Id.* ¶ 11. The retainer agreement does not include her husband, Paul B. Fasone (the other Plaintiff in this action), the name and address of the injured person, the date of the accident, or the names of allegedly negligent persons. DE 95, Ex. A. The retainer agreement stated that Kaye & Lenchner was to receive compensation from Plaintiff Stacey Fasone in the amount of 33-1/3% of the sum recovered from this action after subtracting its costs. DE 95, Ex. A.

On May 2, 2017, Plaintiffs commenced this action (and were represented by Kaye & Lenchner) in the Supreme Court of the State of New York, Nassau County. DE 95-1, ¶ 17-18. The action then was removed to the United States District Court for the Eastern District of New

York on June 6, 2017. DE 1.

In January 2018, Mr. Corey Kaye, a partner at Kaye & Lenchner, asked Mr. John W. Persons of Montfort Healy to take over the representation of Plaintiffs in this action, because, according to Mr. Kaye, his law firm was closing. DE 95-1, ¶ 20. As a result, Mr. Persons agreed to provide Kaye & Lenchner with 25% of any legal fees ultimately recovered in this case. DE 95-1, ¶ 23. However, Mr. Persons affirms that this 25% arrangement was conditioned on the understanding that Mr. Kaye would continue to assist with representation of Plaintiffs in this action. DE 95-1, ¶ 65.

According to Mr. Persons, Mr. Kaye did not disclose at the time that he actually had sought to resign as an attorney as a result of "an investigation conducted by the Grievance Committee for the Ninth Judicial District involving allegations of professional misconduct, including the 'conversion of multiple client funds.'" DE 95, Ex. C; *see* DE 95, Ex. D. The applications of Mr. Kaye and Mr. Mitchell Lenchner (the other partner at the law firm) to resign as attorneys were granted on April 25, 2018. DE 95, Ex. C & D. Moreover, criminal charges were brought against Mr. Kaye and Mr. Lenchner related to alleged embezzlement and theft of client monies, and those charges appear to be pending as of the date of the Court's decision on the Motion.[1] DE 95-1, ¶ 32. Plaintiffs do not believe the criminal charges and disbarment of

---

[1] See *Disbarred Long Island Lawyers Accused of Stealing Millions From Dozens of Clients: DA*, NBC NEW YORK (Sept. 14, 2018, 4:38 PM), https://www.nbcnewyork.com/news/local/disbarred-long-island-lawyers-accused-stealing-millions-dozens-clients-da-defraud-li-new-york-ny/1821962/;
*Nassau County Court – Criminal Term Case #: 01830N-2019*, NEW YORK STATE UNIFIED COURT SYSTEM, https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=case&docketNumber=Ac5IjWlb7BrBjSVRw5YhUg==&courtType=S&countyId=kxHaREjUNpNYA4tQhnCz2g==&docketId=0GhL4shJKe3HJcIEDH4_PLUS_Zg==&docketDseq=wJ2/4du1NximNDMJ8ADcTA==&defendantName=Kaye,+Corey+B&county=NASSAU&court=Nassau+County+Court+-+Criminal+Term&recordType=C&recordNum=RtGAZ4Ca5Ev7/NzZwLVjgQ== (last visited on Oct. 12, 2022);

Mr. Kaye and Mr. Lenchner are related to the firm's representation of Plaintiffs in this case. DE 95-1, ¶ 34.

On February 9, 2018, Plaintiffs signed a contingent fee retainer agreement with Montfort Healy, providing that the firm would receive a fee of 33-1/3% of the net sum recovered after deducting expenses incurred in the action. DE 95-1, ¶¶ 28-29.

Plaintiffs later stipulated to discontinuance of their claims against Defendant Incorporated Village of Mineola on December 6, 2018, and Judge Denis R. Hurley then dismissed the claims against Defendants American National Red Cross, the American Red Cross on Long Island, and American National Red Cross on July 23, 2020. DE 95-1, ¶¶ 35-36.

Plaintiffs and Defendants JM & AM settled this action for $337,500.00 on March 8, 2022. DE 95-1, ¶ 36. Montfort Healy received that amount on April 18, 2022, and the settlement proceeds currently are being held by the firm in an Interest on Lawyer Account Fund escrow account. DE 95-1, ¶ 39.

**B. <u>The Instant Motion and Related Procedural History</u>**

On April 21, 2022, Plaintiffs filed the instant motion primarily to determine the amount of any compensation to be awarded on a quantum meruit basis to Kaye & Lenchner, so the settlement amounts can be distributed appropriately among Plaintiffs and their current and former attorneys. DE 95-1, ¶¶ 39-40. Montfort Healy served the Motion and the supporting

---

*Nassau County Court – Criminal Term Case #: SCI-01169N-2019*, NEW YORK STATE UNIFIED COURT SYSTEM, https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=case&docketNumber=Qz3pujH096lst1KdI8_PLUS_B4w==&courtType=S&countyId=kxHaREjUNpNYA4tQhnCz2g==&docketId=q/jZ0uhFxChSVEaXYGkl2g==&docketDseq=wJ2/4du1NximNDMJ8ADcTA==&defendantName=Lenchner,+Mitchell+J&county=NASSAU&court=Nassau+County+Court+-+Criminal+Term&recordType=C&recordNum=YJY3zHnc53Fxwjdb0i0_PLUS_uA==%20 (last visited on Oct. 12, 2022).

documentation on potentially interested parties, including the District Attorneys of Queens and Nassau County and the New York State Lawyer's Fund for Client Protection ("The Lawyers' Fund"). DE 95-1, ¶¶ 32-33. Montfort Healy also served the Motion and the supporting documentation on Plaintiffs, Mr. Kaye, Mr. Lenchner, and counsel for Defendants JM & AM. DE 95-1, ¶ 33; DE 95-10; DE 95-11.

On May 18, 2022, Michael J. Knight, an attorney and Executive Director of the Lawyer's Fund filed an affidavit stating, "[i]n conjunction with the Queens District Attorney, The Lawyers' Fund requests that any attorneys' fees that the Court determines are due to Kaye & Lenchner or its partners be held by Plaintiff's counsel until further order of this Court pending the Completion of the criminal cases of Mr. Kaye." DE 97, ¶¶ 6-7. Other than the Lawyer's Fund, no other interested party made any filing with the Court concerning the Motion.

On August 19, 2022, Plaintiffs filed a letter seeking a pre-motion conference with the Court. DE 98. On August 22, 2022, the undersigned granted the motion for a pre-motion conference to be held on September 27, 2022 and directed Plaintiff to serve a copy of the Order on all interested parties and non-parties and to file proof of service on ECF. DE 99 & DE 100. On September 14, 2022, the undersigned requested supplemental information from Plaintiffs and interested parties and directed Plaintiffs' counsel to serve this Order on all interested parties. DE 100. On September 22, 2022, Plaintiffs made a supplemental submission in further support of the Motion, and no other interested parties responded to the Court's September 14, 2022 Order. DE 101. On September 27, 2022, the Court held a teleconference regarding the Motion, during which Mr. Persons (the only party who participated) stated that he had no communication with any other party related to this case following the Court's September 14, 2022 Order.

### C. Attorneys' Fees and Expenses

Plaintiffs' Motion and supporting documentation outline the fees, costs, and work performed by Kaye & Lenchner and Montfort Healy on this case. *See* DE 95.

Although Kaye & Lenchner apparently did not keep records of time working on this case, Plaintiffs estimate that the law firm spent approximately 20 hours representing Plaintiffs in this action. DE 95-1, ¶¶ 42-43. Specifically, "it prepared a notice of claim for the VILLAGE and The Town [o]f North Hempstead; it attended the VILLAGE's municipal hearing of the [P]laintiffs; it prepared the summons and complaint in this action, a supplemental summons and amended complaint . . . and the [P]laintiffs' initial disclosures; and he attended the conference with the defendants' attorneys before Magistrate Judge A. Kathleen Tomlinson on September 20, 2017." DE 95-1, ¶ 44. Pursuant to a request from the Court, Plaintiffs estimate the 20 hours should be valued at $125 per hour for $2,500.00 in fees. DE 101; September 14, 2022 Order by Magistrate Judge Lee G. Dunst. Further, documentary evidence reveals Kaye & Lenchner incurred $1,440.17 in expenses. DE 95, Ex. D.

Montfort Healy's records indicate that Mr. Persons worked a total of 408.7 hours on this case. DE 95-1, ¶¶ 49-50; DE 101. The firm also incurred $7,494.14 for expenses. DE 95, Ex. E.

## II. Discussion

This Court recommends that the $337,500.00 settlement proceeds be distributed as follows: (1) $219,043.80 to Plaintiffs; (2) $114,516.03 to Montfort Healy for fees and costs; and (3) $3,940.17 to Kaye & Lenchner for fees and costs, but this amount should continue to be held in escrow by Plaintiffs' current counsel pending the outcome of the criminal case.

Based on the undisputed record before the Court, Kaye & Lenchner is entitled to an

award of fees and costs for work performed on this case before the firm was replaced by Montfort Healy as a result of Mr. Kaye and Mr. Lenchner's resignation as lawyers. Pursuant to 22 NYCRR 1240.15 (g) of the rules for attorney disciplinary matters:

> Compensation. A respondent who has been disbarred or suspended from the practice of law may not share in any fee for legal services rendered by another attorney during the period of disbarment or suspension *but may be compensated on a quantum meruit basis for services rendered prior to the effective date of the disbarment or suspension*. On motion of the respondent, with notice to the respondent's client, the amount and manner of compensation shall be determined by the court or agency where the action is pending or, if an action has not been commenced, at a special term of the Supreme Court in the county where the respondent maintained an office. The total amount of the legal fee shall not exceed the amount that the client would have owed if no substitution of counsel had been required.

(emphasis added).

In determining an award of quantum meruit compensation, the courts must weigh various factors, including "evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services." *Ragland v. Molloy*, 185 A.D.3d 852, 853 (2d Dept. 2020) (citing *Biagioni v Narrows MRI & Diagnostic Radiology, P.C.*, 127 A.D.3d 800, 801 (2d Dept. 2015)). Further, "'[a]n award in quantum meruit should in all cases reflect the court's assessment of the qualitative value of the services rendered, made after weighing all relevant factors considered in valuing legal services.'" *Id.* (quoting *Padilla v Sansivieri*, 31 AD3d 64, 65 (2d Dept. 2006)). Additionally, "while not binding or determinative, a court should also consider any agreement outgoing and incoming counsel may have had regarding compensation." *Id.* (citing *Biagioni v Narrows MRI & Diagnostic Radiology, P.C.*, 127 A.D.3d 800, 801 (2d Dept. 2015)). Finally, "[t]he party seeking fees bears the burden of proof." *Briede v. Rodriguez*, No. CV-07-4170, 2010 WL 4365525, at *1 (E.D.N.Y. Aug. 3,

2010), *report and recommendation adopted*, No. 07 CV 4170, 2010 WL 4340474 (E.D.N.Y. Oct. 27, 2010).

Here, Kaye & Lenchner made no effort to satisfy their burden to seek legal fees in this case. Although Kaye & Lenchner failed to submit any evidence in support of a request for fees, the Court agrees with Plaintiffs' current counsel that Kaye & Lenchner is entitled to the fees for 20 hours of work at a rate of $125 per hour. Specifically, the Court has reviewed the Complaint and additional documentation in this case to find this rate to be an adequate value for the routine legal issues presented and work performed. *See* DE 95-1, ¶ 44. Furthermore, the Court agrees that Kaye & Lenchner is entitled to the costs it incurred, totaling $1,440.17. DE 95, Ex. D.

The Court also finds that Mr. Kaye and Mr. Lencher were given adequate notice by Plaintiffs' counsel of the current Motion and hearing, but they did not appear for the hearing or submit any evidence. DE 95-1, ¶ 33; DE 99; DE 100.

Moreover, the Court has considered whether Mr. Persons entered into a binding agreement with Mr. Kaye whereby Kaye & Lenchner would receive 25% of the legal fees in this case. DE 95-1, ¶ 23. Based on the current record, the Court will not enforce the purported agreement. First, even if there was an agreement, it is not dispositive or binding on the Court following the disbarment. *See Ragland*, 185 A.D.3d at 853 ("[w]hile *not binding or determinative*, a court should also consider any agreement outgoing and incoming counsel may have had regarding compensation") (internal citations omitted) (emphasis added). Second, there is inadequate documentary support for this purported agreement. Third, even if there was an agreement, Mr. Persons entered into it under the assumption that Mr. Kaye would continue to participate in the litigation, which he did not, because Mr. Kaye later resigned as an attorney and was charged with various fraud-related crimes. *See* DE 95-2, p. 2.

The settlement amount currently held in escrow is $337,500.00. DE 95-1, ¶¶ 36, 39. After reducing that for costs of $8,934.31 ($1,440.17 for Kaye & Lenchner and $7,494.14 for Monfort Healy) and 33-1/3% in attorney fees for Monfort Healy, the remaining $219,043.80 should be released to Plaintiffs Stacey Fasone and Paul B. Fasone.[2]

The Court recommends Kaye & Lenchner be awarded its costs of $1,440.17 and quantum meruit fees of $2,500.00 for a total of $3,940.17. However, in light of the ongoing criminal proceedings, and the request of The Lawyers' Fund, the Court recommends that Plaintiffs' counsel continue to hold this amount in escrow pending the conclusion of the criminal case against Mr. Kaye. *See* DE 97, ¶¶ 6-7.

Finally, the Court recommends that Monfort Healy receive $114,516.03 for its fees and costs.

## III. CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the settlement proceeds of $337,500.00 be distributed as follows: (1) $219,043.80 to Plaintiffs, (2) $114,516.03 to Monfort Healy, and (3) $3,940.17 to Kaye & Lenchner and that this amount remain in escrow pending the outstanding criminal case.

**SO ORDERED**:

Dated: Central Islip, New York
October 14, 2022

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge

[2] In the original submission, Plaintiffs indicated that there might be a lien by Dr. Jeffrey Richmond on the settlement proceeds. DE 95, ¶54. However, Plaintiffs confirmed in a supplemental submission that Plaintiffs no longer owe any amounts to Dr. Richmond. DE 101.